**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**KRISHAN KUMAR AGGARWAL and CHERIAN JOHN,**

**Defendants.**

**Criminal No.** 18-570 m

**Violations:**
**18 U.S.C. § 2**
**18 U.S.C. § 1347**
**21 U.S.C. § 841(a)(1)**
**21 U.S.C. § 841(b)(1)(C)**
**21 U.S.C. § 841(b)(1)(E)(i)**
**21 U.S.C. § 841(b)(1)(E)(iii)**
**21 U.S.C. § 846**

# INDICTMENT

The Grand Jury charges that:

## COUNT ONE

(Conspiracy to Distribute Controlled Substances Outside the Bounds of Professional Medical Practice)

Between in or about at least May 1, 2013 through in or about January 2018, in Hancock County, within the Northern District of West Virginia, the defendants **KRISHAN KUMAR AGGARWAL** and **CHERIAN JOHN** did knowingly, intentionally and unlawfully combine, conspire, confederate, agree and have a tacit understanding with each other and with persons known and unknown to the Grand Jury to violate Title 21, United States Code, Section 841(a). It was a purpose and object of the conspiracy to distribute a quantity of suboxone, a Schedule III controlled substance outside the bounds of professional medical practice, all in violation of Title 21, United States Code, Sections 846, 841(b)(1)(E)(i) and 841(b)(1)(E)(iii).

**COUNT TWO THROUGH FOUR**

(Aiding and Abetting Healthcare Fraud)

At all times relevant to this Indictment:

**Operation of the Medicare Program**

1. The United States Department of Health and Human Services ("HHS") was an agency of the United States government. The activities, operations and obligations of HHS were funded with federal monies. Among the programs that the United States funds is the Supplementary Medical Insurance Program for the Aged and Disabled established by Part B, Title XVIII, of the Social Security Act, 42 U.S.C. §§ 1395 *et seq*., commonly known as Medicare.

2. Medicare Part B covered, among other things, medically necessary services and supplies needed for the diagnosis or treatment of health conditions, including prescriptions.

3. The Secretary of HHS, through the Centers for Medicare and Medicaid Services ("CMS"), administered Medicare. CMS contracted with private insurance carriers to administer and pay Part B claims from the Medicare Trust Fund, a reserve of monies provided by the federal government. 42 U.S.C. § 1395u.

4. Medicare provided free or below-cost health care benefits to eligible beneficiaries, primarily individuals who are at least 65 years of age or who have certain disabilities. Medicare was a "health care benefit program" as defined in 18 U.S.C. § 24(b).

5. Medicare was designed to pay only for services and items, such as prescriptions, which were considered medically necessary, performed within accepted medical standards, and were rendered for a legitimate medical purpose.

6. Enrolled providers of medical services to Medicare beneficiaries were eligible for reimbursement for covered medical services. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the rules, regulations, policies and procedures governing reimbursement,

to keep and allow access to records and information as required by Medicare.

**Operation of the Medicaid Program**

7. Medicaid was a welfare program co-funded by the United States and state governments. The Medicaid program was established to provide necessary and appropriate health care to the poor and impoverished who are aged, blind or disabled and members of families with dependent children. Individuals insured by Medicaid were known as "recipients." Medicaid was a "health care benefit program" as defined in 18 U.S.C. § 24(b).

8. In the State of West Virginia, the Medicaid program was administered by the West Virginia Department of Health and Human Resources through the Bureau for Medical Services.

9. In the Commonwealth of Pennsylvania, the Medicaid program was administered by the Pennsylvania Department of Human Services.

10. Medicaid was designed to pay only for services and items, such as laboratory tests and prescriptions, which were considered medically necessary, performed within accepted medical standards, and were rendered for a legitimate medical purpose. Medicaid Providers had an obligation to Medicaid and Medicaid recipients to render medical tests and services in an honest fashion. In order for Medicaid to pay for buprenorphine, Subutex, Suboxone and other opioid treatment medications, a valid prescription must be filled out and signed by a physician registered with the Drug Enforcement Agency (DEA) as a practitioner authorized for Drug Addiction Treatment Act of 2000 ("DATA") Waived Physician practice to treat opioid addicted patients in the usual course of professional practice and for a legitimate medical purpose.

**The Defendant**

11. The defendant **KRISHAN KUMAR AGGARWAL** was a physician who was registered with the DEA as a practitioner authorized for DATA Waived Physician practice to treat opioid addicted patients and approved to treat up to 100 patients.

12. The defendant **CHERIAN JOHN** was a physician who was registered with the DEA as a practitioner authorized for DATA Waived Physician practice to treat opioid addicted patients and approved to treat up to 100 patients.

**Relevant Entities and Individuals**

13. From approximately at least May 1, 2013 until approximately January 2018, Redirections Treatment Advocates, LLC ("RTA") operated an opioid treatment practice at 2619 Pennsylvania Avenue, Weirton, West Virginia, 26062.

14. An individual known to the Grand Jury as C.H. was an employee of RTA and in charge of daily operations of RTA.

**The Scheme to Defraud**

15. From approximately at least May 1, 2013 and continuing thereafter until in and around January 2018, the defendants **KRISHAN KUMAR AGGARWAL** and **CHERIAN JOHN** and others known and unknown to the Grand Jury perpetrated a scheme to defraud and to cause prescriptions which were without a legitimate medical purpose and outside the usual course of professional practice to be paid by Medicare and by the Medicaid program.

16. It was part of the scheme to defraud that the defendants **KRISHAN KUMAR AGGARWAL** and **CHERIAN JOHN** authorized C.H. and others to fax prescription orders for suboxone for patients of RTA to be filled under the DEA registration numbers assigned to the defendants **KRISHAN KUMAR AGGARWAL** and **CHERIAN JOHN** which were without a legitimate medical purpose and outside the usual course of professional practice.

17. As a result of the scheme, the defendants **KRISHAN KUMAR AGGARWAL** and **CHERIAN JOHN** did knowingly and willfully execute and attempt to execute the above-described scheme to defraud Medicare and Medicaid, health care benefits programs, in connection with the delivery of and payment for healthcare benefits, items and services by means of materially false and

fraudulent pretenses, representations and promises, money owned by and under the custody and control of the health care benefits programs, that is, by causing Medicare and Medicaid to transmit health care benefits program funds to pharmacies for the payment of illegal prescriptions.

18. On or about the dates listed below, in the Northern District of West Virginia, the defendant **KRISHAN KUMAR AGGARWAL** did knowingly and willfully execute and attempt to execute the above-described scheme to defraud Medicare and Medicaid, health care benefits programs, in connection with the delivery of and payment for health care benefits, items and services by causing Medicare to transmit health care benefit programs funds to pharmacies in the approximate amounts listed below which funds for prescriptions issued under the DEA registration number of the defendant **KRISHAN KUMAR AGGARWAL** to an individual whose initials are S.C. which were not medically necessary and which were written without a legitimate medical purpose and outside the usual course of professional practice:

| COUNT | DATE | AMOUNT |
|---|---|---|
| 2 | 07/30/2015 | $207.04 |
| 3 | 12/28/2017 | $223.12 |

19. On or about the dates listed below, in the Northern District of West Virginia, the defendant **CHERIAN JOHN** did knowingly and willfully execute and attempt to execute the above-described scheme to defraud Medicare and Medicaid, health care benefits programs, in connection with the delivery of and payment for health care benefits, items and services by causing Medicare to transmit health care benefit programs funds to pharmacies in the approximate amounts listed below which funds for prescriptions issued under the DEA registration number of the defendant **CHERIAN JOHN** to an individual whose initials are A.M. which were not medically necessary and which were written without a legitimate medical purpose and outside the usual course of professional practice:

| COUNT | DATE | AMOUNT |
|---|---|---|
| 4 | 07/27/2017 | $456.95 |

All in violation of Title 18, United States Code, Sections 1347 and Title 18, United States Code, Section 2.

## COUNTS FIVE THROUGH ELEVEN

(Aiding and Abetting the Distribution of Controlled Substances
Outside the Bounds of Professional Medical Practice)

On or about the dates listed in the chart below, in Hancock County, within the Northern Judicial District of West Virginia, defendant **KRISHAN KUMAR AGGARWAL**, aided and abetted by others known to the Grand Jury, did knowingly, intentionally and unlawfully distribute suboxone, a Schedule III controlled substance, without a legitimate medical purpose and outside the usual course of professional practice, to the individuals whose initials are listed in the chart below.

| COUNT | DATE | PATIENT |
|---|---|---|
| 5 | 07/30/2015 | B.O. |
| 6 | 07/30/2015 | S.C. |
| 7 | 07/14/2016 | J.P. |
| 8 | 12/29/2016 | D.S. |
| 9 | 06/22//2017 | J.B. |
| 10 | 08/03/2017 | P.N. |
| 11 | 12/28/2017 | L.D. |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i) and 841(b)(1)(E)(iii) and Title 18, United States Code, Section 2.

## COUNTS TWELVE THROUGH SIXTEEN

(Aiding and Abetting the Distribution of Controlled Substances
Outside the Bounds of Professional Medical Practice)

On or about the dates listed in the chart below, in Hancock County, within the Northern Judicial District of West Virginia, defendant **CHERIAN JOHN**, aided and abetted by others known to the Grand Jury, did knowingly, intentionally and unlawfully distribute suboxone, a Schedule III controlled substance, without a legitimate medical purpose and outside the usual course of professional practice, to the individuals whose initials are listed in the chart below.

| COUNT | DATE | PATIENT |
|---|---|---|
| 12 | 12/29/2014 | P.E. |
| 13 | 01/19/2017 | S.H. |
| 14 | 07/27/2017 | A.M. |
| 15 | 07/27/2017 | J.B. |
| 16 | 07/27/2017 | D.C. |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i) and 841(b)(1)(E)(iii) and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATION**
Controlled Substance Act
Health Care Fraud

1. Pursuant to Title 21, United States Code, Section 853 and Title 21, United States Code, Section 846, and Title 18, United States Code, Section 982(a)(7), the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property used, or intended to be used, to commit or to facilitate the commission of the above referenced Controlled Substances Act offenses, and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses; and any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of Title 18, United States Code, Section 1347, or a conspiracy to violate such offense, including a money judgment in the amount of at least $70,380.00 against the defendant **KRISHAN KUMAR AGGARWAL** and a money judgment in the amount of at least $65,034.00 against the defendant **CHERIAN JOHN**.

2. Pursuant to Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

______________________________
Foreperson

______________________________
WILLIAM J. POWELL
United States Attorney

SARAH E. WAGNER
Assistant United States Attorney